**STATE, ex rel. HUNT, Relator, v. MONTGOMERY COUNTY BOARD OF ELECTIONS, etc. et, Respondents.**

Ohio Appeals, Second District, Montgomery County.

No. 2327. Decided February 24, 1955.

Jerome Goldman, Cincinnati, Carroll E. Hunt, Dayton, for relator.
Mathias H. Heck, Pros. Atty., By John P. McHugh, Asst. Pros. Atty., Dayton, for respondent, Montgomery County Board of Elections.
Jack E. Staley, Dayton, City Solicitor, for Village of Kettering.
Mason Douglass, Dayton, for Village of Kettering.

### OPINION

By THE COURT:

Two matters are presented for adjudication. The first is a motion by the Village of Kettering that it be made a party to the action. The Village of Kettering may not be a necessary party, but it is a proper party. The motion will be sustained.

The second is a general demurrer to the petition. The petition prays for a writ commanding the defendant Board to order an election upon

relator's detachment petition. The petition recites that the relator has filed a petition with the Board conforming to all of the requirements of §709.39 R. C. to submit to vote the question of the detachment of described territory from the Village of Kettering. The demurrer admits the averments of the petition, but thereby asserts that they are insufficient in law to require that an election now be ordered by the respondent Board. The territory described in the petition incorporates 1882 acres of land, 1368 of which were included in a proposal to detach 3090 acres from the Village of Kettering voted upon at an election held April 21, 1953. At this election the proposal to detach territory was defeated. The Board bases its refusal to call an election, as requested, solely on that part of §709.39 R. C. which provides:

"If a majority of the ballots cast at such election are cast against detachment, no further proceedings shall be had in relation thereto for a period of two years."

We are of opinion that the Board correctly interpreted the quoted part of §709.39 R. C., and properly refused to order the election sought by the petitioners.

"Further proceedings in relation thereto" as found in §709.39 R. C., may be all-inclusive. It could be urged that it is not limited. It certainly refers to and includes further subsequent proceedings by election for detachment of the territory involved in an election provided by §709.39 R. C., wherein a majority of the votes were cast against detachment.

Our conclusion is supported by §3577-1 GC, before amended by §709.39 R. C. At that time the paragraph read:

"If a majority of the ballots cast at such election shall contain thereon the words 'against detachment,' no further proceedings shall be had in relation thereto, **but this shall not be a bar to other proceedings** for the same purpose." (Emphasis ours.)

Had this provision concluded with the language immediately preceding the emphasized part, it would be the same in effect as now found in §709.39 R. C., with the exception of the time limitation. As formerly phrased, "shall not be a bar to other proceedings" might be well urged to mean proceedings other than by election. But this language has now been removed and the all-inclusiveness of "other proceedings" need not be determined.

It is urged by relator that the territory included in the present petition is not the same, or substantially the same, as incorporated in the election proposal of 1953, and, therefore, the election now requested should proceed. Of course it is not the same territory as it includes about 500 acres outside of that presented to the voters in the 1953 election for detachment of territory. However, 1368 acres of the territory included in the description in the present petition is the same as voted upon in 1953. This acreage represents over 44%, or a substantial part, of the 3090 acres voted upon in 1953; a substantial part being affected, the statutory bar operates.

The demurrer will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.